1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                       EASTERN DISTRICT OF WASHINGTON

7    LORENA M. WILLIAMS and
     RONALD D. WILLIAMS,                    NO:  12-CV-0082-TOR
8
                         Plaintiffs,        ORDER GRANTING IN PART AND
9                                           DENYING IN PART PARTIAL
            v.                              SUMMARY JUDGMENT
10
     DEPARTMENT OF EARLY
11   LEARNING, STATE OF
     WASHINGTON, and JUDY DAVIS,
12
                         Defendants.
13

14          BEFORE THE COURT is Defendants' Motion for Partial Summary

15   Judgment (ECF No. 11).  This matter was heard without oral argument on

16   February 8, 2013.  The Court has reviewed the relevant pleadings and supporting

17   materials, and is fully informed.

18                              BACKGROUND

19          Plaintiffs, Lorena M. Williams and Ronald D. Williams, bring a § 1983

20   claim against Defendants for violation of procedural due process.  Plaintiff also

     ORDER GRANTING IN PART AND DENYING IN PART PARTIAL
     SUMMARY JUDGMENT ~ 1

1    alleges violation of RCW 43.215.300-305, and brings a respondeat superior claim

2    against the Department of Early Learning.  Presently before the Court is

3    Defendants' Motion for Partial Summary Judgment on all claims except for

4    nominal damages under § 1983 for an alleged violation of procedural due process

5    rights.

6                                                    FACTS

7            In November 2007, Plaintiffs submitted an application to Defendant

8    Department of Early Learning ("DEL") for a family home child care license.

9    Defendant Judy Davis ("Davis") was the licensor assigned to process the

10   application.  The DEL issued a temporary day care license to both Mr. and Mrs.

11   Williams in January of 2008, and issued a full license on July 25, 2008 to Mrs.

12   Williams only.[1]  Mrs. Williams operated a home day care until June of 2009.

13           On May 30, 2009, Mrs. Williams was admitted to the hospital for

14   complications with a pregnancy.  On June 1, 2009, the Department of Social and

15   Health Services ("DSHS") received a referral indicating that Mrs. Williams tested

16   positive for THC while admitted to the hospital.  DSHS contacted DEL with this

17   information because Mrs. Williams held a family home child care license at that

18   [1] Issuing the license to Mrs. Williams only meant Mr. Williams did not need to

19   complete additional DEL mandated training.  Rather, Mr. Williams was allowed to

20   provide day care services as an assistant to Mrs. Williams.

ORDER GRANTING IN PART AND DENYING IN PART PARTIAL
SUMMARY JUDGMENT ~ 2

1   time.  Mrs. Williams testified that she used marijuana once during her pregnancy

2   and while she was a licensed provider. ECF No. 20 at 6-7, 13.  She also told her

3   health care providers at the hospital that she had recently used marijuana, and the

4   results of her drug screening test were positive for THC.  *Id*. at 7, 38.

5          The circumstances under which Mrs. Williams closed her day care facility

6   are disputed.  According to Mrs. Williams, she received a telephone call from

7   Davis while in the hospital informing her that an unidentified person reported her

8   positive THC result, and as a result Mrs. Williams was not to open her day care

9   until an investigation was complete.  ECF No. 19 at ¶ 2.  Further, Mrs. Williams

10  recalls that Davis instructed her to provide the DEL with a release allowing them

11  to obtain her medical records.  *Id*. at ¶ 4.  Mrs. Williams refused to provide the

12  release, and according to her, the day care remained closed at the direction of

13  Davis. *Id*. at ¶¶ 4, 6.

14         In contrast, Davis contends that Mrs. Williams voluntarily kept her day care

15  facility closed, due to her hospitalization and resulting bed rest, after she was

16  notified of the investigation that Mrs. Williams had used drugs in violation of

17  minimum licensing requirements. ECF No. 13 at ¶¶ 7-8.  Davis informed Mrs.

18  Williams that Davis needed a release to review Mrs. William's drug test in her

19  medical records if Mrs. Williams intended to re-open her facility, however,

20

1   according to Davis, Mrs. Williams reported that she was going to permanently

2   close her facility.  ECF No. 13 at ¶¶ 8-9.

3        It does not appear to be disputed that the DEL never formally suspended or

4   revoked Mrs. Williams' license or provided her with any notice that she could

5   contest the closure of her day care facility.  It is also undisputed that the DEL

6   eventually issued a finding of "Not Valid" regarding the referral that Mrs.

7   Williams had used marijuana.  ECF No. 13 at ¶ 10.  However, Davis contends this

8   finding was "the result of not forcing the issue" regarding production of Mrs.

9   Williams' drug test results since Mrs. Williams allegedly closed her day care

10  facility voluntarily.  *Id*.  Plaintiffs contend that as a result of the closure of the day

11  care, they lost income and were unable to maintain the mortgage on their home, to

12  which they had made significant improvements to qualify for a day care license,

13  resulting in a foreclosure on their home in October of 2009.  ECF No. 19 at ¶¶ 1, 9.

DISCUSSION

14

15  **A. Standard of Review**

16       The Court may grant summary judgment in favor of a moving party who

17  demonstrates "that there is no genuine dispute as to any material fact and that the

18  movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling

19  on a motion for summary judgment, the court must only consider admissible

20  evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The

ORDER GRANTING IN PART AND DENYING IN PART PARTIAL
SUMMARY JUDGMENT ~ 4

party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248.  Further, a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.*  The court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**B. Actual Damages on § 1983 Claim**

Pursuant to former Washington Administrative Code § 170-296-0450, the DEL "*must* deny, suspend or revoke your license if you: … use illegal drugs, or excessively use alcohol or abuse prescription drugs."  ECF No. 23-1 at 12 (emphasis added).  This regulation was subsequently repealed, effective March 31, 2012.  Wash. Admin. Code § 170-296.  On this same date, § 170-296A-8175 became effective, and provided that the DEL "*may* deny, suspend, revoke, or not

ORDER GRANTING IN PART AND DENYING IN PART PARTIAL
SUMMARY JUDGMENT ~ 5

1   continue a license when … the licensee uses illegal drugs or alcohol in excess, or

2   abuses prescription drugs."  Wash. Admin Code. §170-296A-8175(10)(emphasis

3   added).  As the events in question took place well before 2009, the former

4   regulation was governing law at that time.

5           Defendants do not seek to persuade the Court that there was no violation of

6   procedural due process.  Instead, they limit their argument to the claim that

7   Plaintiffs can establish no actual damages as a result of any due process violation

8   because the DEL was required under WAC § 170-296-0450 to revoke her license

9   for use of illegal drugs, regardless of whether she had received notice and

10  opportunity to be heard. According to Defendants, if Mrs. Williams had not

11  voluntarily closed her day care facility, the DEL would have revoked her license

12  thereby foreclosing any opportunity to recover actual damages.  Plaintiffs make

13  several arguments in response.

14          First, Plaintiffs argue that Davis does not provide factual basis for her

15  statement that Mrs. Williams' license would have been revoked by the department;

16  does not claim to have personal knowledge of the administrative hearings process;

17  and does not claim to have authority to make the decision to revoke Mrs. Williams'

18  license.  ECF No. 17 at 6. Thus, according to Plaintiffs, Davis' statement is only an

19  expression of her unqualified opinion as to what the outcome of an administrative

20  hearing would have been.  The Court finds that Davis has the proper foundation to

ORDER GRANTING IN PART AND DENYING IN PART PARTIAL
SUMMARY JUDGMENT ~ 6

testify regarding the course of action commonly taken by the DEL in situations

where a day care provider used marijuana.  Davis is a family home care licensor

whose duties include licensing and monitoring of the day care homes.  Davis was

the licensor assigned to conduct the investigation into the referral regarding Mrs.

Williams' drug use, and Davis decided how the investigation would proceed and

what information to gather.  Thus, the Court finds Davis has a factual basis to offer

testimony to offer her opinion that "[i]f there had been no voluntary agreement by

Ms. Williams to close her operation, the [DEL] ultimately would have revoked Ms.

Williams' family home day care license."  ECF No. 13 at ¶ 11.

Second, Plaintiffs argue that Defendants fail to show a genuine issue of

material fact as to whether Plaintiffs would have been allowed to continue

operation of their day care if they had been given the opportunity to challenge the

closure of the day care pending the investigation.  In support, Plaintiffs mistakenly

argue that §170-296A-8175(10) is a "different" part of the WAC, perhaps allowing

for discretion in the revocation and suspension of licenses.  This is a

misunderstanding of the applicable regulations.  Clearly, the regulation at the time

of Mrs. Williams' conduct required the DEL to revoke or suspend Mrs. Williams

license, and was repealed and replaced by §170-296A-8175(10) on March 31,

2012.  Plaintiffs also argue that pursuant to RCW §43.215.290, the DEL may issue

a probationary license to a licensee who has been the subject of multiple

ORDER GRANTING IN PART AND DENYING IN PART PARTIAL
SUMMARY JUDGMENT ~ 7

complaints or concerns about noncompliance if the noncompliance does not

present an immediate threat the health and well-being of the children and the

licensee has a plan approved by the DEL to correct the area of noncompliance.

Wash. Rev. Code §43.215.290(1).

    The Court finds that Plaintiffs have failed to overcome their burden on

summary judgment to establish a genuine issue of material fact as to whether

Plaintiffs sustained actual damages as a result of the closure of the day care

facility.  Under Rule 56(c), a party asserting that a fact is genuinely disputed must

support the assertion by citing to parts of materials in the record including (but not

limited to) depositions, documents, affidavits, declarations, or other materials.

Fed. R. Civ. P. 56(c).  Aside from citing to a regulation that was not effective at the

time of these events, Plaintiffs rely solely on unsupported speculation that under

certain circumstances the DEL may issue a probationary license.  Plaintiffs offer

no evidence of any situation where a licensee was granted a probationary license

after admitting to using illegal drugs, nor any testimony or documentary evidence

indicating that Mrs. Williams would have been able to continue operating her day

care had the DEL taken action.  Thus, the Court finds Plaintiffs fail to establish a

genuine issue of material fact as to whether Plaintiffs sustained actual damages as a

result of the alleged due process violation.

ORDER GRANTING IN PART AND DENYING IN PART PARTIAL
SUMMARY JUDGMENT ~ 8

As a final note, Defendants repeatedly ask the Court to grant summary judgment on all of Plaintiffs' claims with the exception of the claim for nominal damages under § 1983 for the alleged violation of her procedural due process rights.  However, the only mention of Plaintiffs' claim under RCW 43.215.300-305 in Defendants' opening brief is to reserve the right to challenge whether the statute creates any tort duties.  ECF No. 12 at 4, n.4.  Moreover, the Court finds no mention of the respondeat superior claim, much less any challenge on summary judgment.  Thus, the Court cannot grant summary judgment on these claims.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Summary Judgment is **GRANTED** only as to Plaintiffs' claim for actual damages under 42 U.S.C. § 1983, and **DENIED** as to all other claims.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 20th day of February, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PARTIAL
SUMMARY JUDGMENT ~ 9